O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1823 AHM (VBKx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | SAN JOSE et al. v. CITY OF LOS ANGELES et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Both Plaintiffs[1] and Defendants[2] have submitted briefing on Officer Derek Mousseau's status as a defendant in this proceeding. While Mousseau was never personally served with the Complaint,[3] nor answered the Complaint,[4] Mousseau (through the City Attorney's Office) filed a Joint Rule 16(b) Report,[5] a Joint Stipulation for a Protective Order,[6] three Motions in Limine,[7] and Oppositions to each of Plaintiffs' three Motions in Limine.[8] .[9] Because these filings constitute appearances and a waiver of service, and because equitable considerations weigh heavily towards finding Mousseau a

---

[1] Docket No. 73.

[2] Docket No. 75.

[3] Complaint was served to "Attorneys for Defendants: City of Los Angeles" to Wendy Shapero, Deputy City Attorney. Docket No. 17, p. 16.

[4] Docket No. 18 (Amended Answer of Defendant City of Los Angeles).

[5] Docket No. 21.

[6] Docket No. 24.

[7] Docket Nos. 29-31. Mousseau's name, however, was not listed on the Reply to the Plaintiffs' Opposition to his Motions in Limine. *See* Docket Nos. 46-48.

[8] Docket Nos. 38-40.

[9] Docket Nos. 38-40.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1823 AHM (VBKx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | SAN JOSE et al. v. CITY OF LOS ANGELES et al. | | |

defendant, I find that Mousseau is a party to these proceedings who is subject to trial.

### I.   WHAT CONSTITUTES AN APPEARANCE

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4 requires "substantial compliance," more than actual notice or "simply naming the defendant in the complaint." *Id*. However, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Id*. (citing Fed. R. Civ. P. 12(h)(1)).

"An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Id*. While the Ninth Circuit has found that motions to extend time "do not manifest a 'clear purpose' to defend" because such motions are primarily "holding maneauver[s] while counsel consider[s] how to proceed," *id*. at 492-93, other circuits have affirmatively found the following to constitute an appearance for purposes of waiver:

- 75 days of settlement discussions. *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 692 (D.C. Cir. 1970) (cited by the Ninth Circuit in *Benny*, 799 F.2d at 492).

- Representation at a pretrial conference by attorney representing all defendants, filing of motions to withdraw from representation and of motions for continuance, and the acceptance of service of deposition subpoenas of the defendant/party. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 280 (5th Cir. 1987).

Here, not only has Mousseau filed noticed motions (Motions in Limine, as well as Oppositions to MILs), but he also participated in filings for the pretrial conference. These indisputably go beyond mere motions to extend time. They constitute a waiver of service of a summons.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1823 AHM (VBKx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | SAN JOSE et al. v. CITY OF LOS ANGELES et al. | | |

## II. EQUITABLE CONSIDERATIONS

As the Fifth Circuit noted:

The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would leave plaintiffs to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process. Nor is there any indication in the record that appellants, the two shareholders of the corporate defendant, were unaware of the suit against them.

*Broadcast Music*, 811 F.2d at 281.

Here, permitting Mousseau to drop out of the case entirely would not only have caused the time and resources of this Court to be wasted, but would be contrary to the Federal Rules of Civil Procedure. Moreover, punishing Plaintiffs for their failure to serve Mousseau personally, particularly when their trial counsel has succeeded the team of attorneys who were responsible for serving the summons, would essentially deny them of any possibility of relief.

It is so ordered.

: 

Initials of Preparer     SMO