O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-1823 AHM (VBKx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | SAN JOSE et al. v. CITY OF LOS ANGELES et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

Plaintiffs bring this Motion for a New Trial under Fed. R. Civ. P. 59(a),[1] contending the Court erroneously admitted testimony by Defendant Officer Derek Mousseau regarding the findings of the Los Angeles Police Department's internal investigation of the shooting of the decedent.  Officer Mousseau testified that the Police Department investigation found his actions consistent with the Department's training and use-of-force policies.  Plaintiffs claim this testimony was irrelevant, inadmissible hearsay, improper expert opinion, and more prejudicial than probative.  The Court DENIES the motion for the following reasons.

First, the testimony was relevant to the jury's determination of the reasonableness of Officer Mousseau's actions, and to the determination that Mousseau acted in a manner consistent with his training.  *See* Fed. R. Evid. 401.

Second, the testimony was not hearsay, as Officer Mousseau himself had personal knowledge of the investigation as a participant in the investigation itself, was aware of the department's findings, and was testifying only to the propriety of his actions within office protocols.  *See* Fed. R. Evid. 801.

Third, Plaintiffs have not provided any evidence that they preserved a lack of foundation objection for purposes of this motion; the parties dispute whether Plaintiffs

---

[1]Dkt. 103.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1823 AHM (VBKx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | SAN JOSE et al. v. CITY OF LOS ANGELES et al. | | |

actually made an objection at trial.[2]

Fourth, the testimony was not an expert opinion. The testimony did not go to the ultimate issue of the trial — the reasonableness of Mousseau's actions — but instead addressed his view as to whether his actions were deemed to comply with Department policy.  The jury was left to determine the reasonableness of Mousseau's actions.

Fifth, Plaintiffs have not demonstrated that the testimony was more prejudicial than probative under Fed. R. Evid. 403.  Plaintiffs only offer speculation as to the role the testimony might have had in jury deliberations, and not a "verdict [that] is contrary to the clear weight of the evidence." *See Molski v. M.J. Cable, Inc.*, 481 F.3d 725, 729 (9th Cir. 2007).   Moreover, the Court mitigated any potential prejudice by providing a limiting instruction to the jury, advising the jury that they were not to decide the reasonableness of Officer Mousseau's actions based on the findings of the police department.

Plaintiffs have not made the specific and substantial showing required by Fed. R. Civ. P. 59(a) for a new trial.  *See Molski*, 481 F.3d at 729.   The Court therefore DENIES Plaintiffs' motion.

No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

_____ : _____

Initials of Preparer

_____

_____

[2]Plaintiffs did not provide the Court with a transcript of the relevant proceedings, as is customary in Rule 59(a) motions.  Plaintiffs' counsel's declaration does not even provide a summary of the testimony at issue, the objections made, or the instructions of the Court.